UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEITH LONGHORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-142-P |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 1382 ("the Act"). Defendant has answered the Complaint and filed the administrative record (hereinafter AR___), and the parties have briefed the issues. For the following reasons, Defendant's decision is affirmed

I.  Administrative History and Agency Decision

Plaintiff filed his application for DIB on September 14, 2018. His amended disability onset date is May 16, 2013, and his insured status for DIB expired on September 30, 2014. AR 38, 40. The Social Security Administration ("SSA") denied Plaintiff's claim initially and on reconsideration. Plaintiff and a vocational expert testified at a subsequent hearing before an Administrative Law Judge

("ALJ"). AR 36-65. The ALJ issued an unfavorable decision on October 23, 2019. AR 20-27.

The SSA has devised a five-step sequential evaluation process to determine disability. *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (citing 20 C.F.R. Section 416.920). The claimant bears the burden of proof at steps one through four. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005); *Williams v. Bowen*, 844 F.2d 748, 751 n.2 (10th Cir. 1988). In the first four steps, the claimant must show (1) that "he is not presently engaged in substantial gainful activity," (2) that "he has a medically severe impairment or combination of impairments," and either (3) that the impairment is equivalent to a listed impairment or (4) that "the impairment or combination of impairments prevents him from performing his past work." *Williams*, 844 F.2d at 751 n.2; *Grogan*, 399 F.3d at 1261. If the claimant has met his burden of proof through the first four steps, the burden of proof shifts to Defendant to show the claimant nonetheless retains sufficient functional capacity "to perform other work in the national economy in view of his age, education, and work experience." *Yuckert*, 482 U.S. at 142.

The ALJ followed the agency's five-step evaluation process, ultimately determining that Plaintiff was not disabled within the meaning of the Act at any time during the 14-month period at issue. At step one, the ALJ determined Plaintiff had

not engaged in substantial gainful activity from the alleged amended onset date through the date last insured. The ALJ noted, however, that payment records demonstrated Plaintiff had worked repairing appliances through August 2014—quitting work only one month before his insured status expired. The work did not, however, rise to the level of substantial gainful activity. AR 23.

At step two, the ALJ determined that Plaintiff's degenerative disc disease was a severe impairment. AR 23. The ALJ considered the medical evidence and found, at step three, that his impairment was not presumptively disabling under Listing 1.04, 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 23.

At step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b).[1]

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

AR 23. The ALJ determined Plaintiff could not perform his past relevant work as an appliance servicer—an occupation requiring medium exertion, or a construction worker II—an occupation requiring heavy exertion. AR 24.

At the fifth step of the sequential evaluation process, having determined Plaintiff could perform the full range of light work, the ALJ applied the Medical Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. AR 26. In so doing, the ALJ explained, "Based on a residual functional capacity for the full range of light work, the undersigned concludes that, through the date last insured, considering the claimant's age, education, and work experience, a finding of 'not disabled' is directed by Medical-Vocational Rule 202.14." *Id.* Thus, the ALJ determined Plaintiff was not disabled during the relevant period.

Because the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the final decision of Defendant. 20 C.F.R. § 404.981; *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009).

II.     Standard of Review

The Act authorizes payment of benefits to an individual with disabilities. 42 U.S.C. § 401, *et seq*. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death[,] or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A);

*see* 20 C.F.R. § 404.1509 (duration requirement). Both the "impairment" and the "inability" must be expected to last no less than twelve months. *Barnhart v. Walton*, 535 U.S. 212 (2002).

The Court must determine whether Defendant's decision is supported by substantial evidence in the record and whether the correct legal standards were applied. *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, ___ U.S.___, 139 S. Ct. 1148, 1154 (2019). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations omitted).

The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation, quotations, and alteration omitted). The Court must also be mindful that reviewing courts may not create post-hoc rationalizations to explain Defendant's treatment of evidence when that treatment is not apparent from the decision itself. *Grogan*, 399 F.3d at 1263 (citing, *e.g.*, *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004); *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)).

III. <u>Issues Raised</u>

Plaintiff contends the ALJ erred in mischaracterizing the extent and nature of his daily activities. Further, Plaintiff argues the ALJ gave improper reasons for discounting the opinion of his treating physicians. These errors, according to Plaintiff, contributed to an RFC that is not supported by substantial evidence.

IV. <u>Relevant Testimony</u>

Plaintiff was 53 years old on the date his insured status expired. Plaintiff had completed a master's degree in business, and formerly worked as an appliance repair person and a construction worker. Plaintiff testified that he lived alone and did his own cooking and housework, including sweeping, mopping, laundry, and dishes. He testified that he mowed his lawn with a riding mower.

Plaintiff testified that his left hand was often numb, making it difficult to pick up coins, zip up or button clothing, or tie his shoes. AR 50-52. Nevertheless, Plaintiff acknowledged that, during the relevant period, he could lift as much as 65 pounds, if necessary, and 25 pounds without significant pain or problems, though he qualified his testimony by indicating he could not continually lift 25 pounds. *Id.* He testified he could walk one-half to one mile. AR 50. Finally, Plaintiff worked at his appliance repair business until one month before his insured status expired.

V.     Relevant Medical Evidence

From May through October 2013, Plaintiff was attended by medical professionals on only three occasions. In May, Plaintiff reported problems with his neck, arms, and back. He reported he had injured his lower back two years prior when he tried to lift a big piece of wood. He stated, however, that Lortab, a heating pad, and exercises helped his lower back pain. Plaintiff did not know how he had injured his neck. Dr. Jennifer J. Semore, M.D., diagnosed possible acute exacerbation of chronic degenerative disc disease and prescribed Neurontin and a short course of steroids. She also refilled his Lortab prescription. AR 280-82.

In July 2013, Plaintiff reported the steroids helped his neck pain, but he still experienced tingling in his arms. As for his lumbar pain, Plaintiff reported his symptoms occurred intermittently and consisted of sharp pain. He was taking Neurontin and Lortab. X-rays revealed significant C4-6 degenerative disc disease. He was advised to continue taking Neurontin. Additionally, he was given a prescription for Norco and told to take it sparingly. AR 277-79.

On October 4, 2013, Plaintiff presented to the Little Axe Health Center complaining of back pain. He told the nurse that he was there to get his Lortab prescription renewed. He left abruptly when the nurse told him that they did not provide pain management. AR 276. Later that same day, Plaintiff presented to the AST Health System in Shawnee, Oklahoma, complaining of back pain. Dr. Maria

M. Mithlo, M.D., declined to prescribe Lortab. Plaintiff refused prescriptions for physical therapy, Tramadol, NSAIDs, and a muscle relaxant. AR 273. Thereafter, through September 2014, Plaintiff was attended for routine problems including bronchitis, influenza, headache, and once for back pain. During this period, his posture, gait, coordination, and muscle tone were normal. He had no swelling of arms or legs. AR 259-72.

VI. Analysis

A. Daily Activities

Plaintiff contends the ALJ mischaracterized the extent of his daily activities. In her decision, the ALJ stated:

> The claimant testified that during the relevant time period, he could lift 65 pounds with great effort, and 25 pounds without problems. He testified that he lives by himself and cares for dogs. He testified that he does his own cooking, sweeping, mopping, vacuuming, and laundry. He does his own grocery shopping and pushes the cart. He also testified that he attends to his personal care. These activities show a capacity to perform the full range of light work.

AR 24. Having reviewed Plaintiff's testimony regarding his daily activities, the Court concludes the ALJ's summary is accurate.

Although the activities to which Plaintiff testified do not necessarily require daily lifting of 25-65 pounds, his testimony that he could do so is compelling. Plaintiff acknowledges that light work requires only the ability to lift 10 pounds regularly and 20 pounds occasionally.

8

Thus, the Court finds the ALJ's partial reliance on Plaintiff's daily activities in determining the RFC was reasonable. For this Court to conclude otherwise would amount to an improper reweighing of the evidence. *Olson v. Comm'r, SSA*, 843 F. App'x 93, 97 (10th Cir. 2021) (citing *Hendron v. Colvin*, 767 F.3d 951, 956 (10th Cir. 2014)).

B. Consideration of Medical Opinions

On May 7, 2019, Dr. Bruce Stafford, D.O., completed a retrospective Medical Source Opinion of Residual Functional Capacity, purportedly showing Plaintiff's physical ability to perform work-related activities during an eight-hour workday on a regular and continuous basis in September 2014. Dr. Stafford stated that Plaintiff could stand or walk two to three hours in an eight-hour workday, could lift and carry objects weighing no more than 10 pounds, and could use his hands for grasping, handling, fingering, or feeling less than two hours in an eight-hour workday. Dr. Stafford attributed these limitations to pain and fatigue. Using a check mark form, Dr. Stafford indicated his opinion was based on a review of Plaintiff's treatment records, physical examinations, and the degenerative nature of his back and neck conditions. AR 547. On July 18, 2019, Todd Pelton, PAC, reviewed Dr. Stafford's physical RFC opinion and stated that he agreed with the same. AR 546.

The ALJ found these opinions unpersuasive. Having previously described the objective examination findings as "generally unremarkable," AR 25, the ALJ

pointed out that neither provider relied on any specific objective examination findings included in the record. She also noted that the limitation to less than sedentary work was inconsistent with Plaintiff's own testimony regarding his abilities during the relevant period. What is more, the ALJ relied on the medical records as a whole, noting the paucity of remarkable examinations during the few appointments Plaintiff attended during the relevant period. AR 25.

Plaintiff contends the ALJ's reasons for discounting the medical opinions of Dr. Stafford and PAC Pelton are improper. In reviewing this issue, the Court must determine whether the ALJ properly considered these statements and whether the evidence upon which the ALJ's resulting RFC is based is substantial. The Court is mindful of its duty to refrain from re-weighing the evidence. The Court is also mindful of its duty to "meticulously examine the record" to determine whether the evidence in support of Defendant's decision is substantial and to "take into account whatever in the record fairly detracts from its weight." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994) (quotations omitted).

Supportability and consistency are the two most important factors to consider when assessing the persuasiveness of a medical opinion. 20 C.F.R. § 404.1520c(a). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1).

Similarly, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2).

The ALJ specifically addressed the supportability and consistency of the evidence when she compared the medical opinions in question with Plaintiff's testimony, "as well as [with] the unremarkable exams seen in the record." AR 25. Additionally, the ALJ had discussed both Plaintiff's testimony and the examinations of record extensively within her decision. The Court finds the ALJ's rejection of the two medical opinions in question is supported by substantial evidence.

Based on his age, education, work experience, and RFC, the ALJ directly applied Medical Vocational Guidelines, Rule 202.14, in determining Plaintiff was not disabled during the relevant time period. Direct application of the Medical-Vocational Guidelines to determine disability is appropriate where, as here, a claimant has only physical limitations. Rule 202.14 directs a decision of not disabled for claimants who are closely approaching advanced age, have a high school diploma or more, can perform light work, and have no transferable skills. Plaintiff was 53 years old on his date last insured. Thus, he fell under the category of closely approaching advanced age, and, as previously established, the remaining factors applied. Thus, the ALJ's application of Rule 202.14 was not in error.

## VII. Conclusion

Based on the foregoing analysis, Defendant's decision is affirmed. Judgment will issue accordingly.

ENTERED this <u>  12th </u> day of <u>October</u>, 2022.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE